IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| DOUGLAS S. DILTS, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 04-3405-CV-SW-RED-SSA |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Douglas Dilts ("Plaintiff") seeks judicial review of the Commissioner's denial of his request for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.*, as amended. Plaintiff had been previously found disabled due to blindness beginning January 1, 1992. Plaintiff's case was reviewed for continuing medical eligibility and benefits in June of 2002 and it was found that Plaintiff was no longer disabled and no longer eligible for SSI benefits. Plaintiff requested reconsideration of this decision, and a hearing was held before an Administrative Law Judge. The outcome of this hearing was unfavorable to Plaintiff. Plaintiff has exhausted all of his administrative remedies, and therefore, pursuant to Section 1631(c)(3) of the Act, 42 U.S.C. § 1383(c)(3), judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Commissioner.[1]

### I. Background

The complete facts and arguments are presented in the parties' briefs, and consequently will

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

be duplicated here only to the extent necessary. Additionally, the Administrative Law Judge's ("ALJ") decision within the administrative record fully sets forth his findings and such will not be repeated herein in its entirety except to the extent necessary to address Plaintiff's arguments.

## II. Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social

Case 6:04-cv-03405-RED   Document 12   Filed 09/06/05   Page 2 of 6

Security Act.

The five steps are (1) whether the claimant is currently engaging in "substantial gainful activity;" (2) whether the claimant is severely impaired; (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law; (4) whether the claimant, with her current Residual Functional Capacity ("RFC") can meet the demands of her past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2004); *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that he or she is disabled. If the claimant is not able to perform his or her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

### III. Analysis

Plaintiff argues that the ALJ erred in his creation of the Residual Functional Capacity ("RFC") as he did not cite or "explain in detail" what medical evidence he used to form the RFC.

A residual functional capacity is "the most [a claimant] can do despite [his] limitations." 20 C.F.R. § 404.1545. Plaintiff's "'residual functional capacity is a medical question.'" *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001) (quoting *Singh v. Apfel*, 222 F.3d 448, 451 (8th Cir. 2000)). However, the ALJ must determine a claimant's RFC based on the totality of all relevant evidence, including medical records, third-party observations, the claimant's own descriptions of her

-3-

limitations, and the credibility of the claimant. *Fredrickson v. Barnhart*, 359 F.3d 972, 976 (8th Cir. 2004); *Pearsall v. Massanari*, 274 F.3d 1211, 1217-18 (2001); *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). The RFC determination is a medical question, and there must be some medical evidence to support the determination of the claimant's RFC. *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 1995); *Singh v. Apfel*, 222 F.3d 448 (8th Cir. 2000).

In this case, the ALJ summarized the medical evidence of record, and expressed what medical evidence he found credible. He then based his RFC on the credible evidence in the record. The ALJ articulated the inconsistencies in Plaintiff's testimony, and properly discounted it. Plaintiff's argument that the ALJ committed a reversible error by not "explaining in detail" the specific evidence relied upon to create the RFC is unavailing. It is clear that a deficiency in opinion writing will not lead to a reversal of the ALJ's opinion. Moreover, the RFC of the ALJ is supported by the medical evidence in the record. Thus, any error by the ALJ could only be considered harmless as there is evidence in the record strong enough to support the outcome. *See Lubinski v. Sullivan*, 952 F.2d 214, 216 (8th Cir. 1991).

Plaintiff also argues that the ALJ failed to give proper weight to the Medical Source Statement - Mental of Barbra Houk. M.D. Houk saw Plaintiff on only two occasions. At the time she completed the Medical Source Statement, Houk had only seen Plaintiff once. The ALJ determined that there was not enough evidence in the record, it was "quite sparse," regarding Plaintiff's alleged depression and sent Plaintiff to Dr. Akeson for further review. While Dr. Houk found that Plaintiff suffered from Post Traumatic Stress Disorder (PTSD) and from Major Depressive Disorder (MDD), mild, Dr. Akeson only found that Plaintiff suffered from MDD. Akeson gave Plaintiff a GAF of 60.

When considering Dr. Houk's opinion, the ALJ articulated the treatment relationship and Dr. Houk's assessment of Plaintiff. The ALJ noted that no physician had found Plaintiff to be disabled, and there was no evidence in the record that Plaintiff could not perform work. The ALJ properly took Dr. Houk's opinion into account, and placed it in the context of the other medical evidence presented.

Lastly, Plaintiff claims that the ALJ erred in finding that Plaintiff did not suffer from a severe mental impairment due to his depression. The ALJ found that none of Plaintiff's doctors had stated that he had "any significant long-term exertional or other physical limitations or restrictions." (Tr. 17) Although both Dr. Houk and Dr. Akeson diagnosed Plaintiff with MDD, Dr. Akeson also noted that Plaintiff's mental limitations did not impair his ability to perform work-related functions. Additionally, Dr. Houk only found Plaintiff to be "moderately limited" or "not significantly limited." (Tr. 209-10). While the Plaintiff noted more severe impairments with regard to his ability to carry on work related activities, the ALJ properly discounted the Plaintiff's credibility, finding no medical evidence to support Plaintiff's statements that he was as limited as claimed. It is also important to note that Plaintiff routinely failed to take the medication that was prescribed to him for his conditions. Although Plaintiff claimed the medication would upset his stomach, he never voiced these complaints to his physician or sought alterative medications. Thus, the ALJ was correct in finding that Plaintiff had "no restrictions or, at worst, only mild restrictions, of activities of daily living and maintaining social functioning." (Tr. 17).

### IV. Conclusion

Upon a review of the record, the Court finds that substantial evidence supports the ALJ's RFC determination, and the determination that Plaintiff did not have a severe mental impairment,

-5-

Case 6:04-cv-03405-RED   Document 12   Filed 09/06/05   Page 5 of 6

and that the decision as a whole is supported by substantial evidence. Accordingly, it is hereby

ORDERED that the decision of the ALJ is **AFFIRMED.**

DATE: September 6, 2005  /s/ Richard E. Dorr
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT